Nash, J.
Section 6852, Rev. Stats., which is a part of the chapter relating to insolvent creditors, provides among other things that creditors shall present their claims to an assignee for allowance within six months after the publication of notice of his appointment. The plaintiff in error *297 claims that the effect of this provision is to bar a creditor, who presents his claim to an assignee after the expiration of six months, from any participation in a dividend, before that time ordered to be paid to creditors, even when the assignee has in his hands after the payment of the dividend sufficient money to pay this creditor the same dividend.
Justice Day says: “The requirement of the statute that creditors must present their claims for allowance within a certain period was not intended to be a limitation in bar of their right to a subsequent allowance of claims, but was intended to expedite the settlement of the trust and to protect the assignee in any lawful dividend or settlement that may have been made, and vigilant creditors in such rights as they may have acquired thereby. Whatever a creditor may lose by not presenting his claim for allowance within the statutory period by reason of a partial settlement of the trust, he may come in, at any time, for at least his equitable share in the assets unadministered andnot properly disposed of at the time he presents or prosecutes his claim for allowance in the mode prescribed by the statute.” Owens v. Ramsdell, 32. Ohio St., 442. If all the assets of an estate are exhausted in making any lawful dividend or settlement before the presentment of a claim which has not been offered to the assignee for approval within six months after the publication of notice, the tardy creditor must suffer by its non-payment. If, however, there are sufficient assets remaining he must be paid his equitable share therein. A due consideration of what is fair requires that he should be paid in the same proportion as the more vigilant creditors. By construing the section, in controversy, in this way its objects, to wit, to expedite the settlement of insolvent estates, to protect the assignee in any lawful dividend and settlement that may be made and to secure vigilant creditors in rights acquired thereby, will be attained, and at the same time equity will be done as between the creditors. We therefore agree with the court below and affirm the judgment of the district court.